HENRY WESTERMAN V. GEORGE W. SHEPPARD ET AL.

FILED JUNE 15, 1897. No. 7371.

1. **Evidence:** ATTESTATION OF RECORD OF JUDICIAL SALE. Where a material issue on trial is whether certain real estate situate in a sister state has been sold at judicial sale therein, a copy of the return of the sheriff to the execution, showing such sale, is incompetent to prove such issue, unless such return is attested by the clerk and seal of the court to which the return was made, and accompanied by the certificate of a judge, chief justice, or presiding magistrate of said court that such attestation is in due form of law. (Code of Civil Procedure, sec. 414.)

2. **Directing Verdict.** Pleadings and evidence reviewed, and *held* that the district court correctly directed a verdict for the defendant.

ERROR from the district court of Franklin county. Tried below before BEALL, J. *Affirmed.*

*E. A. Fletcher,* for plaintiff in error.

*James McNeny, contra.*

RAGAN, C.

This is a proceeding in error brought here by Henry Westerman to review a judgment of the district court of Franklin county dismissing an action brought therein

by him against George W. Sheppard and James P. A. Black.

The substance of Westerman's petition in the district court is that one H. C. Floniers had brought suit in the district court of Smith county, Kansas, to foreclose a first mortgage which he held upon certain real estate in that county; that Westerman had a mortgage upon said land which was a second lien thereon; that said land was of the value of both said mortgage liens; that Sheppard & Black were attorneys and counselors at law; that they entered into a contract with him, Westerman, in and by which they agreed to obtain for him a decree establishing his mortgage as a second lien upon said land by appearing in the said foreclosure action brought by Floniers and filing an answer or cross-petition therein; and that as a part of such employment Sheppard & Black agreed to notify him, Westerman, on what date such real estate should be sold to satisfy the decree which Floniers might obtain against said land; and that Sheppard & Black neglected to notify him of the date of said sale; that the real estate on which he held a mortgage was sold at judicial sale to satisfy the decree finally obtained by Floniers against the same, and the proceeds of such sale were only sufficient to satisfy the lien of Floniers thereon, and that he, Westerman, was by the said failure of Sheppard & Black deprived of an opportunity to be present at said sale and bid on said real estate, and had lost his lien thereon, to his damage in the amount of his said lien. To this petition Sheppard & Black answered admitting that they were attorneys and counselors at law and denied every other allegation in the petition. The evidence on behalf of Westerman tended to show that Sheppard & Black entered into the contract pleaded and neglected to notify Westerman of the date of the judicial sale on which he held the second mortgage. For the purpose of showing that his second mortgage had been reduced to a decree and declared to be a second lien upon the land in Kansas, Westerman

offered in evidence what purports to be a duly attested copy of a decree of the district court of Smith county, Kansas. This decree purports to be one rendered in a case wherein Adelaide E. Griswold was plaintiff and Amos G. Emery and others were defendants, and it finds and adjudges that said Griswold had a first lien upon the real estate described therein for the sum of $480, and that Westerman had a second lien upon that real estate. It is obvious that this decree was irrelevant under the issues. The petition of Westerman did not describe the real estate upon which he claimed to have a second mortgage, but he alleged that his mortgage was a second lien upon the land involved in the suit pending in Smith county, Kansas, wherein H. C. Floniers was plaintiff. No application was made by Westerman for leave to amend his petition, nor did he make any attempt on the trial to show that the lien which Sheppard & Black were employed to foreclose was the lien established in the decree of Griswold against Emery.

For the purpose of proving that the land on which he had a second mortgage lien had been sold at judicial sale, and for a sum only sufficient to discharge the first lien thereon, and that he had been thereby deprived of his second lien upon said land, Westerman offered in evidence a paper marked "Sheriff's Return," and signed by one McElhone, "Sheriff, Smith county, Kansas." This paper recites: "Received this writ this 5th day of April, '92." The officer then recites that, according to the command of the writ, he proceeded to appraise, advertise, and sell certain real estate, being the property of Amos G. Emery, and that he sold the real estate to one Scott Rice for the sum of $590. This paper was not offered as a part of the authenticated judgment from the district court of Smith county, Kansas, hereinbefore alluded to. The court excluded this paper from evidence, and correctly so, because section 414 of the Code of Civil Procedure provides that the judicial record of a sister state may be proved by the attestation of the clerk and the

seal of the court annexed, if there be a seal, together with a certificate of a judge, chief justice, or presiding magistrate that the attestation is in due form of law. The paper alluded to is attested by the clerk of the court of Smith county, Kansas, under the seal of said court, but there is no certificate of a judge, chief justice, or presiding magistrate that the attestation of the clerk to said paper is in due form of law. This paper was the only evidence offered by Westerman for the purpose of showing that the land upon which he had a second lien had been sold at judicial sale and a sum realized therefrom sufficient only to discharge the lien upon said land. To entitle Westerman to recover in this action it was not sufficient for him to prove the contract of Sheppard & Black to notify him of the date of the judicial sale and that they had failed to do so, but it was incumbent upon him to prove, under the issues made by the petition and answer, that the land upon which he had a second lien had been sold at a judicial sale. Since the only evidence he offered to prove that was incompetent as well as irrelevant the court did not err in directing the jury to return a verdict for the defendants, and its judgment is

AFFIRMED.